### The Trustees of the First Congregational Church of the City of Ionia v. Andrew J. Webber.

*Incorporation of religious societies.*

A religious society that in good faith has exercised corporate powers for ten years must be treated as a legal incorporation even though the proceedings taken to incorporate it were in themselves fatally defective. How. Stat. § 4649.

Error to Ionia. (V. H. Smith, J.)   June 24.—Sept. 23.

Assumpsit.   Defendant brings error.   Affirmed.

*Mitchel, Bell & McGarry* for appellant.   The omission of such acts as are made necessary by statute for incorporation, is fatal to the right to act in that character, where its existence can be questioned: Ang. & Am. on Corp. § 83: *Mokelumne Hill Canal v. Woodbury* 14 Cal. 425; *Fire Department v. Kip* 10 Wend. 226; *Becht v. Harris* 4 Minn. 504; *St. Paul Division v. Brown* 9 Minn. 157; the franchises and privileges contemplated in How. Stat. § 4649 are those which an unincorporated collection of people cannot possess or enjoy: *Meth. Church of Newark v. Clark* 41 Mich. 737; the assumption of corporate capacity by a church, is not enough to establish a corporation de facto: *Van Buren v. Reformed Church* 62 Barb. 495.

*Morse, Wilson & Trowbridge* for appellee.   When a corporation de facto is established, the question whether it is legally organized as a corporation cannot be enquired into collaterally: *Osborn v. People* 103 Ill. 228; *Alderman v. School Directors* 91 Ill. 179, 180; *Vernon v. Hills* 6 Cow. 23; *Wilcox v. Toledo & Ann Arbor R. R.* 43 Mich. 590; *Clement v. Everest* 29 Mich. 19.

Sherwood, J.   This is an action of assumpsit brought to recover moneys alleged to belong to the plaintiff in its corporate capacity, and received by the defendant of an insurance company for the plaintiff as its treasurer.

The declaration is on the common counts, and describes the plaintiff as The Trustees of the First Congregational Society of

the village, now city, of Ionia. The defendant filed a plea in abatement, denying the corporate existence of the plaintiff. To this plea a replication was filed, alleging in substance that under the name above given the plaintiff was a body corporate, legally organized, having been incorporated in 1868 under the laws as they then existed; that for more than ten years thereafter and up to the present time it exercised the functions of an incorporated religious society; and that the defendant, by reason of his being a member of the society, and accepting and holding the office of treasurer therein, and performing the duties thereof, and as such receiving the moneys declared for, is precluded and estopped from denying the corporate existence of the plaintiff.

Testimony was taken upon the issue thus presented, from which it appears, without contradiction, that on the 29th of May, 1868, the members of the Congregational church of the then village of Ionia met for the purpose of organizing and forming a religious society under the statute of 1855 (Sess. L. 1855, p. 313), and appointed a committee to draught articles of association, in pursuance of the requirements of the statute; that on the 6th of June following the meeting again met and adopted certain articles of organization reported by the committee; that on the 22d of June they again met and elected a full board of trustees, under and in pursuance of the articles adopted; that the certificate of the inspector of election was made, acknowledged and attached to the articles of association, and recorded by the county clerk, but the copy of the articles recorded was not signed by the persons adopting them; that after recording the certificate and articles of association the members of the society, supposing themselves to be organized, proceeded to exercise the functions of a regularly incorporated religious society, and continued to do so up to the time of the commencement of this suit in 1883; that the society held its annual and other meetings thereafter, and elected its trustees, who held their meetings; that the proceedings of both were properly recorded in the records of the church in every year except 1873 and 1876, from the time of its efforts to organize under the statute, in 1868;

that the usual and ordinary business of such society was transacted at such meetings, such as calling a minister and fixing his salary, directing the trustees to select a site for and purchase a church for its meetings, increasing the pastor's salary, giving authority to trustees to sell a church lot, instructing trustees to perfect title by getting a new deed in place of one lost, to amend the articles of association, to procure insurance on church property, to elect a treasurer, to demand money claimed by the society, receiving deed of property bought, and giving conveyances of property sold, taking the necessary action to defend against suit when brought, and other matters unnecessary to mention. It further in like manner appears that the defendant was a member of the society from the time of the first attempt to organize until suit brought, and much of the time held some official position; was both trustee and treasurer, and officially took part in some of the most important action taken by the society, such as purchasing, selling and conveying the real estate of the society.

The foregoing facts being clearly shown by the evidence, and not disputed on the trial of the issue raised under the plea in abatement, the circuit judge directed the jury to find against the plea, which they accordingly did. The plea being overruled, the court, in its discretion, then permitted the defendant to plead the general issue; and after the evidence was in (the amount claimed by plaintiff not being contested) the court again directed a verdict for the plaintiff for the sum of $1600 and interest from the date of demand made. The jury, having found the interest, rendered their verdict according to the direction of the court.

The first important question raised upon the record is, was the plaintiff, at the time this suit was brought, a legal corporation having the right to bring the same? I think it must be conceded that by the action taken in 1868, as evidenced by the records of plaintiff's transactions, it was not legally organized. The articles of association were not signed, and this was essential to the plaintiff's legal existence under the act of the Legislature. See Sess. L. 1855 Act 145, sec. 2. The record, however, shows an honest effort on the part of plaint-

iff to organize thereunder, which resulted in the adoption of an imperfect organization, and action thereunder by the society for more than ten consecutive years in good faith, supposing the organization was a perfect one under the statute; and during all that period the society went on exercising, among others, the most important functions conferred by the statute, viz., buying and selling church property consisting of real estate, receiving and paying money therefor, and making and receiving deeds thereof; incurring and collecting debts, in the full belief by all parties that the plaintiff had a legal existence under the statute, and the right so to do, which seems never to have been doubted (although plaintiff had had some litigation) until one of its own members thought best to put it in issue in this suit.

Evidently in contemplation of such a state of things as exists in this case, the Legislature, in 1869, passed an act reading as follows: "That whenever any religious society or corporation shall have exercised the franchises and privileges of a corporation for the term of ten successive years, the same shall be presumed to have been legally organized in pursuance of the laws of this State." How. Stat. § 4649. This statute relieves the case of all embarrassment. We think there is no doubt of its application to the facts appearing upon this record.

Of course, very many of the objections taken to the testimony offered would have to prevail but for this statute. Under the theory of counsel for the defendant the testimony would be inadmissible. The organization having a legal existence at the time the right of action accrued, removes the objection made to the plaintiff's demand, and renders the consideration of the question of estoppel, raised by plaintiff's counsel, unnecessary.

We think the undisputed facts in the case fully warranted the rulings and directions of the circuit judge, and

The judgment must be affirmed with costs.

The other Justices concurred.